# Exhibit D

# Jeff Huang

| | |
|---|---|
| **From:** | josh@joshuayipatentlaw.com |
| **Sent:** | Wednesday, April 14, 2021 12:45 PM |
| **To:** | Lavenue, Lionel |
| **Cc:** | mark waltfairpllc.com; Robert Earle; Hines, Lisa; IPTeam; Schulz, Bradford; Leonard, Katherine |
| **Subject:** | Re: WSOU v. ZTE - 6:20-cv-487- 497 - Issue Concerning Markman Briefing |

Counsel,

Thank for your thorough emails.  Robby will separately respond to the venue discovery issues.

With respect to whether written description and enablement issues can be raised during claim construction, the Court's general practice is to separate 112, 1/a issues from claim construction, and take up the former as a summary judgment motion.

IIRC, in *Flash-Control*, the parties agreed to accelerate the written description summary judgment motion and combine it with the claim construction briefs.  The parties then approached the Court about doing so and the Court signed off on that approach.

As such, with respect to written description, to the extent that the parties <u>agree</u> to address written description issues during claim construction, please file the necessary motion.  (If the parties disagree, the Court will likely deny such an opposed motion.) With respect to enablement, given the need to gather facts that are relevant to the *Wands* factors, the Court does not believe that it is proper to take up enablement issues until after fact discovery has opened.

If you have any questions, please let me know.  Thanks.

-Josh


**Joshua J. Yi, Ph.D.**
The Law Office of Joshua J. Yi, PLLC
13492 Research Blvd; Ste. 120 – #445
Austin, TX 78750-2254





On Apr 12 2021, at 6:33 pm, Lavenue, Lionel <lionel.lavenue@finnegan.com> wrote:

> Josh and Robby,
>
>
> The ZTE Defendants respectfully respond.

The ZTE Defendants have been very clear at every stage of this *Markman* briefing process that ZTE raises claim construction issues per 35 U.S.C. § 112(a)/(1), as to enablement and written description.

In fact, Defendants clearly identified these claim construction issues during the January-March claim term identification and reduction dispute. WSOU had ample time to consider the § 112(a)/(1) enablement and written description claim construction terms—yet, WSOU first raised issue in its opening claim construction brief, by the refusal to brief the issues. WSOU had an opportunity to address these issues, but WSOU refused to do so, and as such, WSOU has waived any objection.

1. First, **this Court has addressed § 112(a)/(1) enablement and written description issues at the claim construction (Markman) stage**. For instance, *this* Court permits enablement and lack of written description analysis at the Claim Construction phase. *See Flash-Control, LLC v. Intel Corporation*, 2020 WL 4561591 (W.D. Tex. July 21, 2020) (Judge Albright ruling on enablement and lack of written description issues in Claim Construction Order). Thus, it is clear that *this* Court considers enablement and lack of written description issues ripe for analysis during claim construction.

2. Second, **WSOU incorrectly relies on other courts' judgments and holds them up as precedent for this Court** by alleging that briefing of § 112(a)/(1) issues at this *Markman* stage is "improper under the practice and precedent of this Court." *See e.g.*, WSOU -492 Case, Dkt. 59 at 7; *see also USB Bridge Sols., LLC v. Buffalo Inc.*, 1-17-CV-001158-LY, 2020 WL 1906898, at *5 (W.D. Tex. Apr. 17, 2020). As addressed above (see #1), *this* Court addresses § 112(a)/(1) issues at the claim construction phase.

3. Third, **Defendants already raised these § 112(a)/(1) issues for this Court**, and Defendants made it clear that Defendants sought interpretation of several § 112 issues (including means-plus-function, written support/enablement, and indefiniteness) during the claim construction phase. As such, the Court did not reject Defendants' understanding of briefing for *Markman*—that it includes § 112(a)/(1) issues. For instance, in Defendants' March 2, 2021 position for the *Markman* term limit dispute, Defendants made it clear that their understanding of the term count included § 112(a)/(1) enablement and written support issues. *See* -487 Case, Dkt. 60, Ex. 2 ("ZTE Defendants request an opportunity to address both those terms for construction *and* the § 112 terminology (i.e. MPF/support/indefiniteness) issues, for these complex and voluminous claims . . . Thus, as shown in the chart, unless WSOU reduces the number of asserted claims (current 140 claims from 11 patents), then ZTE Defendants' request of 55 terms for construction, and the additional § 112 terms for interpretation (43 MPF terms and 70 indefinite/written support terms), are entirely reasonable."). WSOU knew of Defendants' position. And, so did the Court. Defendants' term count for construction was known by both WSOU and this Court, and nothing was said on the issues.

4. Fourth, **WSOU even acknowledged and accounted for these § 112 (a)/(1) terms** in its opposition to Defendants' March 2, 2021, term consolidation count for construction. *See* -487 Case, Dkt. 69, Ex. 6 (WSOU's created summary chart of terms for construction). WSOU's accounting of the § 112(a)/(1) terms when identifying and requesting a reduction in terms for briefing before this Court demonstrates WSOU's now disingenuous position in claiming briefing these terms are improper. WSOU cannot fairly now complain, when WSOU had ample and adequate notice of this issues.

5. Fifth, ***WSOU only first objected to the § 112(a)/(1) enablement and written support issues, only in its opening Markman brief***—well after Defendants reduced the terms for claim construction *twice*. Defendants even identified the § 112(a)/(1) terms in its January 22, 2021 Proposed Terms for Claim Construction (*see* - 487 Case, Dkt. 69, Ex. 1), the February 12, 2021 Proposed Claim Constructions (Ex. 2), the February 19, 2021 Disclosure of Extrinsic Evidence (Ex. 3), the February 26, 2021 Narrowed Claim Terms (Ex. 4), and the March 2, 2021 Second Narrowed Claim Terms (Ex. 5). Not once did WSOU raise concern. The proper time for objection—if at all—was the months prior to these claim construction briefings. As such, WSOU has waived any objection here.

6. Sixth, ***WSOU was not disadvantaged by the claim construction briefing limits***. Each of WSOU's opening claim construction briefs were well under the page limit and WSOU had the option (see #5 above) to address the § 112(a)/(1) issues. WSOU simply refused to brief the § 112(a)/(1) issues. Rather, *Defendants* were disadvantaged and were forced to reduce its briefing for terms under the page limit, in order to address all of the terms. In view of this Court's *Flash-Control* ruling, and in view of this Court's March 2, 2021 guidance and rulings on the *Markman* term reduction disputes, Defendants counted the § 112(a)/(1) terms in its reduced number for briefing. WSOU never requested additional briefing pages—of any kind (in the form of Summary Judgement briefing or otherwise)—and only after Defendants already reduced the terms for construction did WSOU raise this issue (thereby disadvantaging Defendants for the briefing and the terms for construction).

Defendants respectfully request that this Court deny the untimely relief that WSOU seeks.  WSOU knew of the issues but remained intentionally silent.  WSOU waived any right to complain now.

Regards,

Lionel

---

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Monday, April 12, 2021 6:25 PM
**To:** josh@joshuayipatentlaw.com; Robert Earle <Robert_Earle@txwd.uscourts.gov>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Hines, Lisa <Lisa.Hines@finnegan.com>; IPTeam <IPTeam@etheridgelaw.com>; Schulz, Bradford <Bradford.Schulz@finnegan.com>; Leonard, Katherine <Katherine.Leonard@finnegan.com>
**Subject:** WSOU v. ZTE - 6:20-cv-487- 497 - Issue Concerning Markman Briefing

*EXTERNAL* Email:

Dear Josh & Robby:

We wanted to bring to the Court's attention that ZTE is briefing both lack of written description and enablement in the context of their claim construction briefs. Thus, ZTE is seeking a determination on the merits of these issues through the *Markman* process.

In WSOU's Opening Claim construction briefs, we noted that this is improper under the practice and precedent of this Court.  *E.g.*, -492 Case, Dkt. 59 at 7. In response, ZTE has relied on this Court's decision in *Flash-Control*.  *E.g.*, -492 Case, Dkt. 66 at 6. But in *Flash-Control*, the Court will recall that the defendant raised the invalidity defense for lack of written description "filed a Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(a) alongside its opening construction brief ." *Flash-Control*, Slip Op. at *2.  *Flash-Control* expressly tethers the Court's ruling on the written description issue to the separately-briefed summary judgment motion.  *Id.* No such summary judgment briefs have been filed here.

ZTE cites to no authority, and WSOU is not aware of any, where this Court ruled on written description or enablement outside the context of a motion for summary judgment, where the party with the burden of proof raised the issue in a response brief addressing claim construction. WSOU believes that it is procedurally improper for ZTE to raise these issues in claim construction. As you and the Court are aware, WSOU's response to such arguments would be limited to a reply brief, which is limited to half the page count as the opening briefing.

WSOU respectfully seeks guidance from the Court as to whether the Court will entertain ZTE's arguments regarding written description and enablement through these *Markman* proceedings.

Sincerely,

**Mark Siegmund**

**Walt Fair, PLLC**

mark@waltfairpllc.com

1508 North Valley Mills Drive

Waco, Texas  76710-4462

Telephone: (254) 772-6400

Fax: (254) 772-6432

waltfairpllc.com

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.