IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § § § | C.A. NO. 6:20-cv-00487-ADA C.A. NO. 6:20-cv-00488-ADA C.A. NO. 6:20-cv-00489-ADA C.A. NO. 6:20-cv-00490-ADA C.A. NO. 6:20-cv-00491-ADA C.A. NO. 6:20-cv-00492-ADA C.A. NO. 6:20-cv-00493-ADA C.A. NO. 6:20-cv-00494-ADA C.A. NO. 6:20-cv-00495-ADA C.A. NO. 6:20-cv-00496-ADA C.A. NO. 6:20-cv-00497-ADA |
| *Plaintiff*, | | |
| v. | | |
| ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX), INC., | | |
| *Defendants.* | | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendants ZTE (USA) Inc., and ZTE (TX), Inc. (collectively "ZTE" or "Defendants") respectfully request that this Court deny WSOU Investments' ("WSOU") request for leave to file a sur-reply on venue. *See* Dkt. 89.[1] WSOU fails to address appropriate factors for granting such relief—the delay and the prejudice—and in fact, both of these factors *weigh against* the requested relief. In particular, WSOU fails to justify *its own* delay regarding the requested relief, and further, WSOU fails to account for the undue prejudice to Defendants born from WSOU's *own* activities. As such, both factors reinforce each other and convincingly weigh against the requested sur-reply.

It is common, when considering leave for additional motions, for district courts to consider (A) the delay in the sought relief, and (B) the prejudice to the nonmovant. For instance, the Federal Circuit has found that "[o]ne major factor which the trial court should take into account is the possibility of prejudice to the adverse party," while "[a]nother element bearing on the trial court's discretion is the passage of time."[2] And, these two factors are also connected, such that the "risk of substantial prejudice increases with the passage of time." *Id*. Further, the actions—or rather the inactions—of the movant may (and here, do) weigh against grant of the requested relief at issue.[3]

Here, it is just for this Court to deny WSOU's request for leave to file a sur-reply brief. In fact, as noted below, WSOU is responsible for the events at issue, which allowed a 20-to-5 page briefing advantage in favor of WSOU, and WSOU now attempts to gain an additional five-page advantage, without agreeing to reciprocity for Defendants. WSOU ignores and unjustly silences Defendants on these matters, as such, it is appropriate for this Court to silence WSOU in kind.[4]

---

[1] Citations are to case nos. -00487 through -00497; specific cites reference case no. -00487.
[2] *Tenneco Resins, Inc. v. Reeves Bros.*, 752 F.2d 630, 634 (Fed. Cir. 1985).
[3] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 327 n.1 (1971) (leave was properly denied when party had notice and ample opportunity to provide notice, but it had failed to do so).
[4] This is not the first time that WSOU improperly sought to silence Defendants. WSOU sought to silence Defendants' Motion to Transfer by arguing against precedent and that its amended complaints *did not* moot the original complaints, nor moot the original Motion to Dismiss/Transfer briefing. *See* Dkt. 38; *see also In re Samsung Electronics Co., Ltd.*, slip op. 21-139, p. 7 (Fed. Cir. June 30, 2021) ("Once the respondents

Alternatively, at the least, Defendants respectfully request a sur-sur-reply brief of equal length.

I. **The Alleged Delay At Issue, for Production of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, is of WSOU's Own Making and Should Thus Weigh Against the Requested Relief**

WSOU failed to timely produce the subpoenaed documents at issue (including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), and refused to provide any explanation for *any* third-party production—such as the delayed production or even context of production. As such, WSOU's own inability and refusal to properly communicate updates on third-party production raises concerns about the *actual* date of production of third-party discovery, and whether WSOU created the delay it now uses as a basis for seeking a sur-reply. *See Zenith Radio*, 401 U.S. 321, 327 n.1 (1971).

WSOU alleges that it "did not receive ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ until it was produced by ▮▮▮ after WSOU filed its response." Dkt. 89, p. 3. WSOU, however, fails to offer proof of this statement, fails to offer proof of the timing of the third-party production, and further refuses to provide the communications between WSOU and ▮▮▮▮[5] regarding this production and its timing. WSOU should be required to produce these third-party communications—after all, what is good for the goose is good for the gander.[6] Defendants likewise did not timely receive third-

---

filed their amended complaints, the original complaints were 'dead letter[s]' and 'no longer perform[ed] any function in the case[s].") On the same day, WSOU filed the amended complaints *and* oppositions to the original transfer briefing. *See* Dkts. 36, 37, and 42. After a meet-and-confer, WSOU refused to agree to extensions to the new transfer briefing because, as WSOU argued, the original briefing was not mooted (which was a legal fallacy). *See* Dkt. 41. WSOU further sought to strike Defendants' renewed Motion to Transfer. *See* Dec. 11, 2020 Court Order. Since then, WSOU has flipped-flopped on this mooting issue to which ever position is best suited for WSOU (including silencing Defendants' renewed Transfer Motion).

[5] Defendants also seek the communications between WSOU and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ delayed third-party production. WSOU likewise continues to refuse to provide any of the communications.

[6] In contrast, WSOU has repeatedly accused Defendants of withholding communications with third-parties regarding WSOU's venue subpoenas. *See also* Dkt. 89, Ex. A, p. 2 (WSOU baselessly arguing that "ZTE has consistently concealed relevant information relating to venue"). For each accusation, WSOU has failed to provide its basis for making the improper allegation, and for each accusation, Defendants provided the communications disproving WSOU's allegations. WSOU first accused Defendants of "stonewalling" third-party production of sealed filings from 2017-2019 cases in sister EDTX/NDTX districts. *See* WSOU's positions for May 11, 2021 venue hearing (as submitted by WSOU on April 28, 2021). WSOU's accusations that Defendants were "obstructing" third-party production rang hollow, however when Defendants provided the communications with the third-parties, which disproved the false allegations—clearly



party production from ▮▮—from either ▮▮ *or* WSOU. In fact, Defendants sought clarification on this topic before filing their reply brief on June 25, 2021, but WSOU ignored the request for clarification. WSOU did not actually respond until June 30, 2021—well after Defendants' reply filing—by finally admitting that the "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮". To this date, WSOU has never provided the actual production date (to Defendants or this Court).

**II.     The ZTE Defendants, Not WSOU, are Prejudiced from WSOU's Actions/Inactions**

As noted above, WSOU failed to timely produce all third-party productions to Defendants in these cases, including the document at issue ▮▮▮▮▮▮▮▮▮▮▮▮▮ and WSOU compounded the issue by refusing to confirm third-party production before Defendants' reply filing on June 25, 2021. As such, Defendants were prejudiced and unable to brief this ▮ production. Now, after failing to timely provide Defendants with clarification *prior* to the June 25th filing, WSOU ironically seeks to silence Defendants entirely, on this very matter and opposes any sur-sur-reply briefing for Defendants. This is improper and an extreme prejudice against ZTE.

In fact, to-date, for several issues *first* raised in WSOU's response brief, WSOU unilaterally elected to exceed the briefing limits and created a gross briefing imbalance between parties. WSOU seeks to extrapolate that imbalance further by now seeking more pages for a sur-reply. This briefing limitation imbalance was caused by WSOU alone, without Court approval. For instance, WSOU's June 18, 2021 response brief is nearly **20 pages**, and now WSOU seeks **5 more pages** of sur-reply briefing—where in contrast, for these new issues, Defendants only had **5 pages** in its reply briefing. Defendants requested an additional *one*-page of briefing on June 24,

---

demonstrating Defendants *approved* the production (in fact, Defendants approved before WSOU first levied its baseless allegations). Next, without basis, WSOU accused Defendants of "coercing" third-party ▮ from producing documents for its respective subpoena. *See e.g.,* WSOU June 18, 2021 electronic communication to this Court. Again, Defendants provided the communications with third-party ▮— clearly demonstrating that Defendants *approved* the production. Defendants have produced third-party communications, whereas, WSOU refused to do so in turn.

3

2021 to address this misbalance, yet WSOU ignored this request. Defendants further requested an equivalent sur-reply to respond in kind to WSOU's request herein, and WSOU refused to cooperate on Defendants' request. In total effect, WSOU seeks *25* pages to Defendants' *five* pages of briefing.

This is not the first time WSOU took an unfair, improper, or inconsistent position regarding this Motion to Dismiss briefing and the associated venue discovery. Nevertheless, the Court should not agree to WSOU's request (or at least not without granting a sur-sur-reply for Defendants).

### III. The Document At Issue ("▮▮▮▮▮▮") Does Not Warrant the Requested Relief; Nevertheless, The Court Should Grant Equivalent Briefing for Defendants

It is well established that WSOU carries the burden of proving venue is appropriate here (it is not),[7] and rather than carry it, WSOU seeks to shift the burden to Defendants and force them to prove a negative. This is improper. Nevertheless, ▮▮▮▮▮▮ *supports*—not contradicts the ZTE Defendants—per the positions and deposition testimony of ZTE. For this reason, the Court should either deny WSOU's requested relief, or alternatively, grant Defendants equivalent sur-sur-reply briefing to address these points.

WSOU erroneously alleges that the "▮▮▮▮▮▮" contradicts "▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮". Defendants, however, testified that "▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮

---

[7] *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) (holding that "*Federal Circuit* law governs the placement of the burden of persuasion on the propriety of venue under § 1400(b)" and that "the Plaintiff bears the burden of establishing proper venue") (emphasis added).

4



. Yet, that is all – a mere allegation, without support. WSOU makes no valid argument that " contradicts Defendants' testimony

Lastly, WSOU erroneously argues that

 The facts, however, indicate otherwise. It is public knowledge that Gogo was removing ZTE technology from its networks in 2019.[9]

.

For these reasons, the Court should either deny WSOU's requested relief, or alternatively, grant Defendants equivalent sur-sur-reply briefing to address these points. And, as to the ultimate issue – that is, if the ZTE Defendants have a place of business in the WDTX, WSOU has not met its burden and, other than conjecture, has not presented any information supporting such a theory.

---

[8] *See also Koss Corporation v. PEAG LLC*, 6:20-cv-00662-ADA (W.D. Tex. June 22, 2021) (J. Albright finding venue improper where no defendant employees conduct business in the district).

[9] *See* https://www.lightreading.com/mobile/5g/another-5g-provider-gogo-takes-a-seat-at-the-cool-kids-table/d/d-id/751821 (Gogo stating that it is "not using ZTE for this [5G] network"); *see also* https://www.fiercewireless.com/wireless/gogo-moves-full-steam-ahead-5g-but-not-zte (Gogo "replacing ZTE" with new networking vendor).



DATED: July 7, 2021  Respectfully submitted,

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
  Phone: (571) 203-2700
  Fax:     (202) 408-4400

Attorney for Defendants,
ZTE Corporation
ZTE (USA), Inc.
ZTE (TX), Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system and electronic mail on July 7, 2021.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue