IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>           *Plaintiff*,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX), INC.,<br><br>           *Defendants.* | § § § § § § § § § § § § § § § | C.A. NO. 6:20-cv-00487-ADA<br>C.A. NO. 6:20-cv-00488-ADA<br>C.A. NO. 6:20-cv-00489-ADA<br>C.A. NO. 6:20-cv-00490-ADA<br>C.A. NO. 6:20-cv-00491-ADA<br>C.A. NO. 6:20-cv-00492-ADA<br>C.A. NO. 6:20-cv-00493-ADA<br>C.A. NO. 6:20-cv-00494-ADA<br>C.A. NO. 6:20-cv-00495-ADA<br>C.A. NO. 6:20-cv-00496-ADA<br>C.A. NO. 6:20-cv-00497-ADA |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants ZTE (USA) Inc., ZTE (TX), Inc., and ZTE Corp (collectively "ZTE") submit this Notice of Supplemental Authority to notify the Court of new and precedential Federal Circuit authority that affects ZTE's Motion to Dismiss for Improper Venue (Dkt. No. 47).[1] ZTE has attached to this Notice for the Court's convenience a copy of the Federal Circuit's slip opinion issued on August 3, 2021. *See* Ex. A.

This new decision—*In re Andra Group LLP*, Case 20-2009 (Dkt. No. 41, Order) (Fed. Cir. Aug. 3, 2021) (appeal of Eastern District of Texas No. 4:19-cv-00288-ALM-KPJ) ("*In re Andra*")—issued on August 3, 2021, which was after briefing and after the July 19, 2021, Oral Hearing (Dkt. No. 99). This new and controlling authority directly addresses several issues raised in conjunction with ZTE's pending motion and related briefing. ZTE is prepared to address this

---

[1] Citations throughout here refer to new WDTX Case Nos. -00487 through -00497, and specific citations reference to the docket for WDTX Case No. -00487.

new authority in any manner that may be warranted, whether at a hearing or through additional briefing at the Court's request.

In the underlying district court, plaintiff Andra Group LP ("Andra") filed suit against Victoria's Secret Stores, LLC ("Stores"), its parent L Brands Inc. ("LBI"), and two subsidiaries Victoria's Secret Direct Brand Management, LLC ("Direct") and Victoria's Secret Stores Brand Management, Inc. ("Brand"). The district court ruled that, (1) even though Direct manages the Victoria's Secret online website and mobile application, (2) even though Brand creates the intimate apparel and beauty products, and (3) even though LBI is the parent for all entities; venue was improper for each entity because neither entity had employees, stores, or any other physical presence in the district. Exhibit A, *1.

On appeal, Andra argued that all the entities were "highly intertwined" and all belonged under the "corporate umbrella" of LBI—as such, the physical locations of Stores in the district qualified as "regular and established" places of business for all entities. The Federal Circuit nevertheless disagreed and affirmed the district court's dismissal.

In affirming, the Federal Circuit in *In re Andra* ruled on two arguments with respect to the §1400 second prong venue analysis factors. First, with respect to agency, the Federal Circuit found that "none of the facts alleged by Andra are sufficient to prove that Stores employees are agents of LBI, because LBI does not have 'the right to direct or control' Stores employees, an essential element of an agency relationship." Exhibit A, *8. Second, with respect to ratification, the Federal Circuit found that "where related companies have maintained corporate separateness, the place of one corporation is not imputed to the other for venue purposes." Exhibit A, *8.

The Federal Circuit offered additional guidance on several factors:

**On Agency**

- "Because there is no dispute that the Non-Store Defendants lack employees in the District,

Andra argues that Stores employees are agents of LBI, Direct, and Brand." Exhibit A, *5.

- "Andra argues that LBI "controls store location workers by dictating store operations, hiring, and conduct." Appellant's Br. 16. Andra points to various public filings by LBI that speak in broad terms about real estate holdings and investments, contends that LBI controls the hiring and firing of employees, and argues that because LBI requires Stores associates to sign and follow LBI's Code of Conduct, this indicates control over the employees. Andra argues that Direct "controls store location workers by dictating their handling of returns of merchandise purchased on the [Victoria's Secret] website." Id. at 18. Finally, Andra argues that Stores employees are agents of Brand because Brand "'closely controls the distribution and sales of its products' exclusively available through store locations and the [w]ebsite." Id. at 19 (quoting J.A. 799–801 ¶¶ 11, 13, 15–16). Andra also contends that Brand's control over the Victoria's Secret website "strengthens the agency relationship with [] Brand." Id. at 19–20." Exhibit A, *6.

- "Here, as in *Google*, none of Andra's arguments are sufficient to show that Stores employees are agents of the Non-Store Defendants. None of the public filings cited by Andra demonstrate LBI's control, because they are documents covering all of LBI's brands. The documents' use of "we" does not convey that "we" means LBI specifically, but that "we" could include the individual subsidiary brands, like Stores. See J.A. 452, 846. Andra's contention that LBI controls the hiring and firing of store employees is directly contradicted by the testimony of the store manager for the Plano, Texas store . . ." Exhibit A, *7.

- "Thus, none of the facts alleged by Andra are sufficient to prove that Stores employees are agents of LBI, because LBI does not have "the right to direct or control" Stores employees, an essential element of an agency relationship." Exhibit A, *8.

- "Additionally, while Stores locations accepting returns of Direct merchandise purchased on the website is a service that may benefit Direct, Andra has not shown that Direct controls this process. This one discrete task is analogous to the ISPs' installation and maintenance of the servers in Google, which we found insufficient to establish an agency relationship. Id. at 1346. Finally, Brand's close control of its products and the website does not equate to "the right to direct or control" employees at the physical Stores locations in the District. Id. at 1345." Exhibit A, *8.

**On Ratification**

- "A threshold inquiry when determining whether the place of business of one company can be imputed to another, related company is whether they have maintained corporate separateness. If corporate separateness has not been maintained, the place of business of one corporation may be imputed to the other for venue purposes. But where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes." Exhibit A, *8.
- "Andra argues (1) that LBI has ratified store locations through its control over store operations and by holding out store locations as its own; (2) that Direct has ratified store locations by allowing merchandise purchased online to be returned in stores and by directing customers to store locations using the "Find a Store" feature; and (3) that Brand has ratified store locations by distributing and selling its merchandise from Store locations and because it is listed as the registrant for the Victoria's Secret website." Exhibit A, *9.
- "Andra asserts that the Non-Store Defendants maintain a "unified business model" with Stores, asserting many of the same facts it set forth in support of its agency theory, but the fact that the entities work together in some aspects, as discussed above, is insufficient to show ratification." Exhibit A, *9.
- "And the companies' shared use of "Victoria's Secret" in their name does not detract from the separateness of their businesses." Exhibit A, *10

DATED:  August 4, 2021                                     Respectfully submitted,


                                                          */s/Lionel M. Lavenue*
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
  Phone:  (571) 203-2700
  Fax:      (202) 408-4400

Attorney for Defendants,
ZTE Corporation
ZTE (USA), Inc.
ZTE (TX), Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 4, 2021.

                                                  */s/Lionel M. Lavenue*
                                                  Lionel M. Lavenue