IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ZTE CORPORATION,**<br><br>*Defendant.* | Civil Action No. 6:20-cv-00487-ADA<br>Civil Action No. 6:20-cv-00488-ADA<br>Civil Action No. 6:20-cv-00489-ADA<br>Civil Action No. 6:20-cv-00490-ADA<br>Civil Action No. 6:20-cv-00491-ADA<br>Civil Action No. 6:20-cv-00492-ADA<br>Civil Action No. 6:20-cv-00493-ADA<br>Civil Action No. 6:20-cv-00494-ADA<br>Civil Action No. 6:20-cv-00495-ADA<br>Civil Action No. 6:20-cv-00496-ADA<br>Civil Action No. 6:20-cv-00497-ADA |

## ORDER REGARDING DISCOVERY DISPUTES

This Court, having considered disputes raised by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff") and Defendant ZTE Corporation ("Defendant") during the April 14, 2022, Discovery Hearing. Based on the arguments raised at the hearing, based on Court's earlier rulings in this case, and based on the Court's rulings in other pending cases involving the same Plaintiff on similar discovery disputes, the Court hereby ORDERS the following:

1. Defendant's request for 30(b)(6) testimony on 30(b)(6) Topics served to Plaintiff is DENIED-IN-PART and GRANTED-IN-PART;

2. Defendant's request for 30(b)(6) testimony on the following topics is GRANTED subject to the following limitations:

| No. | Topic | Limitation |
|---|---|---|
| 2 | Plaintiff's annual reportings for each year, beginning with the year 2014. | to the extent there are annual reports from 2017 to the present that are filed with a governmental entity. Plaintiff is |

| | | |
|---|---|---|
| | | not required to produce internal financial statements that are not filed with a governmental entity, nor is Plaintiff required to provide 30(b)(6) testimony regarding internal financial statements that are not filed with a governmental entity. |
| 3 | Plaintiff's past and current predecessors and affiliates, including parent companies, subsidiaries, partnerships, joint ventures, divisions, and shareholders. | |
| 4 | The involvement of any Third Party with the establishment, operation, and control of, and/or financial interest in, Plaintiff and Plaintiff's activities related to these actions. | |
| 30 | All transcripts (including printed transcripts, audiotapes, witness statements, and videotapes) of any sworn testimony ever given by any Named Inventor. | to the extent Plaintiff is in possession of transcripts of any sworn testimony given by a named inventor of the patents-in-suit; otherwise to testify that Plaintiff is not in possession of such documents. |
| 50 | All facts relating to any non-privileged Communications between Plaintiff and any other entity relating to indemnification agreements, litigation agreements, privilege agreements, or confidentiality agreements that relate in any way to the WSOU Asserted Patents, any Related Patent, any Accused Products, any IPR Proceedings, any of these actions, or Defendant. | at the highest level to explain whether Plaintiff's communication is privileged or not. |
| 52 | All facts and things related to any of Your board meetings, including but not limited to meeting minutes and presentations, regarding the Accused Products. | to testify whether or not Plaintiff has board meetings and whether board meetings are privileged or attorney work product. |
| 53 | All transcripts and recordings of any Plaintiff's investor, earnings, or analyst calls that mention Defendant. | to the extent the requested transcripts and recordings made of Plaintiff's investor earnings or analysts' calls with third parties mention Defendant. |

3.      Defendant's request for 30(b)(6) testimony for the following topics is DENIED:

| No. | Topic |
|---|---|
| 10 | Any findings of validity, infringement, enforceability, invalidity, noninfringement, or unenforceability of any of the WSOU Asserted Patents or any Related Patent. |

| | |
|---|---|
| 11 | Any assessments, evaluations, or considerations of validity, infringement, enforceability, invalidity, noninfringement, or unenforceability for any of the WSOU Asserted Patents or any Related Patent. |
| 12 | The scope of the validity or patentability of any of the WSOU Asserted Patents or any Related Patent, including any patents, publications, prior knowledge, public uses, sales, or offers for sale, that may constitute, contain, disclose, refer to, relate to, or embody any Prior Art to the subject matter of any claim of any of the WSOU Asserted Patents. |
| 13 | The scope of the enforceability of any of the WSOU Asserted Patents or Related Patents. |
| 14 | Any investigation or consideration of the patentability of any subject matter described or claimed in any of the WSOU Asserted Patents. |
| 15 | Any prior use, knowledge, invention, conception, reduction to practice, sale, or offer for sale of the inventions claimed in any of the WSOU Asserted Patents or Related Patents. |
| 16 | Any act of diligence leading to the reduction to practice of the subject matter of each claim of each of the WSOU Asserted Patents and any thing which Plaintiff contends corroborate any act of diligence leading to the reduction to practice. |
| 17 | Any prior art searches, evaluations, or opinions regarding any of the WSOU Asserted Patents or Related Patents, any technical studies or information regarding any of the WSOU Asserted Patents or Related Patents, or any legal opinions relating to any of the WSOU Asserted Patents or Related Patents. |
| 18 | Any motivation to combine any prior art teachings to yield the subject matter disclosed or claimed in any of the WSOU Asserted Patents. |
| 19 | The first disclosure to a Person other than a Named Inventor of the subject matter of any claim of any of the WSOU Asserted Patents or any Related Patent. |

| | |
|---|---|
| 20 | With respect to each of the WSOU Asserted Patents, whether: (a) the subject matter of any claim allegedly satisfied a long felt need in the art to which they pertain, (b) the industry failed to solve problems that allegedly are solved by the subject matter of any claim, (c) experts in the industry allegedly expressed skepticism concerning the subject matter of any claim, (d) the subject matter of any claim allegedly has been a commercial success, the industry allegedly has recognized the significance of the subject matter of any claim, (f) the subject matter of any claim allegedly has been copied by others in the industry, and (g) the subject matter of any claim allegedly achieved unexpected results. |
| 21 | All facts which Plaintiff intends to rely to support the validity of any WSOU Asserted Claims, including, without limitation, evidence of objective indicia of nonobviousness and other evidence of alleged novelty or non-obviousness. |
| 22 | All facts related to what Plaintiff contends to be the level of ordinary skill in the art for each of the WSOU Asserted Patents. |
| 23 | All facts relating to any analysis or opinions, written or oral, as to the patentability, unpatentability, validity, novelty, obviousness, invalidity, enforceability, unenforceability, Infringement, or noninfringement of any claim of any of the WSOU Asserted Patents, or to the preparation of any such opinions, or which were considered in formulating any such opinions. |
| 24 | All facts relating to any research, development, manufacturing, testing, and analysis relating to the subject matter disclosed or claimed in any of the WSOU Asserted Patents or any Related Patents, including Documents sufficient to identify worldwide location(s) of such testing, companies or Individuals who performed the testing, when such testing was conducted, the purchase date of any of these products for testing, the results of each investigation or test, and three samples of any system tested. |
| 25 | All Communications with Named Inventors relating to the WSOU Asserted Patents and/or Accused Products and/or an attorney involved in the prosecution of any of the WSOU Asserted Patents. |
| 31 | All facts and things related to any description of any invention claimed or described in of any of the WSOU Asserted Patents and any Related Patent, including, without limitation, all "invention disclosures" and other descriptions authored by or with the input of any Named Inventor. |

| | |
|---|---|
| 32 | All facts that refer or relate to any allegation, by any Persons or entity, that a Named Inventor of a WSOU Asserted Patent, or anyone acting on his or her behalf or that of the assignee of the patent, committed inequitable conduct during the prosecution of a WSOU Asserted Patent or Related Patent. |
| 33 | All facts upon which Plaintiff relies for their contention, if any, that Defendant infringes any WSOU Asserted Claims of any of the WSOU Asserted Patents. |
| 34 | All facts on which Plaintiff relies to support any claim of alleged indirect infringement in this action. |
| 35 | All facts relating to whether the Accused Products practice the WSOU Asserted Claims of any of the WSOU Asserted Patents, including, without limitation, all Documents concerning any test or evaluation of any Defendant's devices, apparatuses, methods, processes, or systems conducted by Plaintiff or on Plaintiff's behalf. |
| 38 | All facts relating to the knowledge by Defendant, of any of the WSOU Asserted Patents or Related Patents prior to the filing of the Complaint in this action against Defendant. |
| 39 | All facts relating to any comparison between or analysis of any of the WSOU Asserted Patents and Related Patents and any model and version of the Accused Products. |
| 40 | All facts relating to any comparison between the WSOU Asserted Patents and any Accused Products. |
| 54 | All facts and things relating to these actions obtained from Third Parties, regardless of whether such Documents or things were obtained through subpoena. |
| 56 | The curriculum vitae of any Persons that have prepared or will prepare an expert report on Plaintiff's behalf in this action. |
| 57 | All facts and things provided to, viewed by, considered by, relied upon or created by any Persons that have prepared or will prepare an expert report on Plaintiff's behalf in this action. |
| 58 | All facts and things related to Communications between Plaintiff and any consultant or expert relating to the WSOU Asserted Patents, Related Patents, Accused Products, any of the IPR Proceedings, these actions, or Defendant. |
| 59 | All facts and things related to these actions that were referred to, prepared by, or provided to any Persons who Plaintiff expect to call as a witness (including both fact and expert witnesses) at any hearing in this action. |

| | |
|---|---|
| 60 | All facts and things related to retention and/or compensation (by Plaintiff or on their behalf) of, the time spent by, or fees or other compensation paid to, any Persons in connection with this matter whom Plaintiff expects to call as an expert witness at any hearing in this action. |
| 62 | Transcripts, witness statements, and video records of testimony given in any proceeding by anyone Plaintiff expects to call as a witness in these actions. |
| 64 | For each affirmative defense asserted by Defendant in this action, all facts that Plaintiff alleges support or form the basis of their contention that each such affirmative defense does not bar Plaintiff's cause of action. |
| 67 | All facts and things Plaintiff may use as exhibits and/or offer as evidence at a deposition, hearing, or at trial for these actions. |
| 69 | All facts relating to any alleged damages that Plaintiff is claiming in these actions, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action—including without limitation, all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty under 35 U.S.C. § 284 (including a reasonable royalty rate and a reasonable royalty base) for the WSOU Asserted Patents, as well as any notice provided by marking the number of the WSOU Asserted Patents or any Related Patent on any product or device used, sold, or offered for sale by or under Plaintiff's authority or the authority of Plaintiff's predecessors-in-interest. |

Signed this 25th day of April, 2022.

_____
HON. ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE