**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a | § | |
| BRAZOS LICENSING AND | § | |
| DEVELOPMENT, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:20-cv-490-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| ZTE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**STIPULATION TO ADOPT MODIFIED**
**PROTECTIVE ORDER GOVERNING DISCOVERY FROM NON-PARTY GOOGLE LLC**

Under paragraph 21 of the protective order entered by the Court at Docket No. 83 in related

case no. 20-487, non-party Google LLC ("Google"), which plaintiff WSOU Investments, LLC

("WSOU") has served with a subpoena in this matter, hereby adopts the provisions of the protective

order as modified herein regarding any discovery from non-party Google LLC in this matter.

Section 11(a) shall read as follows:

> Access to a Party's Source Code Material shall be provided only on "stand-alone"
> computer(s) (that is, the computer may not be linked to any network, including a local area
> network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be
> connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies
> solely for the limited purposes permitted pursuant to paragraphs 11(h and k) below.
> Additionally, except as provided in paragraph 11(k) below, the stand-alone computer(s) may
> only be located at the offices of the producing Party's outside counsel or its vendors. <u>Use or
> possession of any input/output device (e.g., USB memory stick, mobile phone or tablet,
> camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any
> device that can access the Internet or any other network or external system, etc.) is prohibited
> while accessing the computer containing the source code. Google's hosting facility shall
> provide a secure location to store personal electronic devices where they will be readily
> accessible to the reviewer outside the review room upon request. WSOU or its experts will
> not attempt to circumvent the security of the review computer or confidentiality of the source
> code displayed.</u>

Section 11(b) shall read as follows:

> The receiving Party shall make reasonable efforts to restrict its requests for such

access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. <u>WSOU's outside counsel or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes.</u>

Section 11(h) shall read as follows:

The receiving Party shall be permitted to <u>request a total of five copies of</u> printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "CONFIDENTIAL - SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied. <u>To the extent WSOU requires an aggregate total of more than 1000 pages of printed source code for any software release, limited by a contiguous block of no more than 100 pages, WSOU shall make such request, and the parties shall meet and confer in an effort to reach an agreement to produce an agreed number of additional pages.</u>

Section 11(k) shall read as follows:

<u>To the extent WSOU requests any source code be provided in print copy, WSOU may only transport</u> Source Code Material on paper via hand carry <u>(including via a hand carry courier service)</u>. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

A provision shall be added as Section 11(l), which shall read as follows:

No Designated Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Designated Material (including copies) in physical and electronic form. The viewing of Designated Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.

Date: July 13, 2022

Respectfully submitted,

/s/Mark D. Siegmund_____
Mark D. Siegmund (Texas Bar No. 24117055)
mark@swclaw.com
STECKLER WAYNE
CHERRY & LOVE, PLLC
8416 Old McGregor Road
Waco, TX 76712

*Attorney for Plaintiff WSOU Investments LLC*

/s/Erika Warren_____
Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca M. S. Germinario (California Bar No. 326208)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-490@cases.warrenlex.com

*Attorneys for Non-Party Google LLC*